IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

     Plaintiff

     v.

JIANG SHENG FENG,

     Defendant.

CRIMINAL NO. 08-127 (JAG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING

**I.**     **Procedural Background**

On March 31, 2008, defendant Jiang Sheng Feng was charged in a one-count information. He agrees to plead guilty to that count.

Count One charges that on or about December 9, 2005, Mr. Feng, having knowledge of the actual commission of a felony cognizable by a court of the United States, namely, knowing and in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law, attempted to transport said alien within the United States by means of transportation or otherwise, did conceal the same by serving as a translator for individuals who transported the alien during the transportation, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, all in violation of Title 18, United States Code, Section 4.

Defendant appeared before me, assisted by the court interpreter, on March 31, 2008, since the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or

**USA v. Jiang Sheng Feng**                                                                 Page 2
**Cr. 08-127 (JAG)**
**Report and Recommendation Guilty Plea**

making a false statement.

## II.      Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed. [1]
Although he does not read English, he confirmed that his attorney, working with an interpreter,
explained and translated the document into Chinese before he signed it.  He was advised of his right
to hold all proceedings, including the change of plea hearing, before a district court judge.  He
received an explanation of the differences between the scope of jurisdiction and functions of a
district judge and a magistrate judge.  He was informed that if he elects to proceed before a
magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and
recommendation, subject to review and approval of the district judge.   The defendant then
voluntarily consented to proceed before a magistrate judge.

## III.     Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas
to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid
waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States
v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).  "Rule 11 was intended to ensure that a defendant
who pleads guilty does so with an 'understanding of the nature of the charge and consequences of
his plea.'" United States v. Cotal-Crespo, 47 F3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United
States, 394 U.S. 459, 467 (1969)).  There are three core concerns in a Rule 11 proceeding: 1) absence
of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty
plea. Cotal-Crespo, 47 F3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

### A.       Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading
Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

**USA v. Jiang Sheng Feng**                                             Page 3
**Cr. 08-127 (JAG)**
**Report and Recommendation Guilty Plea**

of any treatment for mental illness or addiction,  use of any medication, drugs, or alcohol, and his

understanding of the purpose of the hearing, all in order to ascertain his capacity  to understand,

answer and comprehend the change of plea colloquy. The court confirmed that the defendant

received the information and fully discussed the charge with his attorney, and was satisfied with the

advice and representation he received.   The court further inquired whether defendant's counsel or

counsel for the government had any doubt as to his capacity to plead, receiving answers from both

that the defendant was competent to enter a plea.  After considering the defendant's responses, and

observing his demeanor, a finding was made that Mr. Feng was competent to plead and fully aware

of the purpose of the hearing.

### B.    Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum penalties

prescribed by statute for the offense to which he was pleading guilty, namely:  a term of

imprisonment of not more than three years, a fine of not more than $250,000, or both.   The

defendant also understood he could be sentenced to a term of supervised release of not more than

one year and that a Special Monetary Assessment of $100.00 would be imposed to be deposited in

the Crime Victim Fund, pursuant to Title 18, United States Code, §3013(a).  The court explained the

nature of supervised release and the consequences of revocation.  The defendant indicated that he

understood the maximum penalties for Count One and the potential consequences of the guilty plea.

### C.    Plea Agreement

Mr. Feng was shown his plea agreement, which is part of the record, and identified his initials

on each page and his signature on the last three pages. He confirmed that he had the opportunity to

read and discuss the plea agreement with his attorney before he signed it, that his attorney, working

with an interpreter, explained and translated it into Chinese, that it represented the entirety of his

understanding with the government, that he understood its terms, and that, with one exception

discussed below, no one had made any other or different promises or assurances to induce him to

**USA v. Jiang Sheng Feng**                                                    Page 4
**Cr. 08-127 (JAG)**
**Report and Recommendation Guilty Plea**

plead guilty. The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed his understanding, that the terms of the plea agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant withdraw his guilty plea, and impose a sentence that is more severe than the defendant might anticipate.

The parties' sentencing calculations and recommendations appear in the plea agreement, and were explained in open court. In particular, the parties agreed that the Base Offense Level should be Four pursuant to U.S.S.G. §2X4.1; pursuant to U.S.S.G. §3E1.1, the parties agree to a two-level reduction for acceptance of responsibility. The parties agree to a total offense level of Two, which carries a Guideline Sentencing range of zero to six months assuming a criminal history category of I. No stipulation was made as to criminal history. The parties agree to recommend a sentence of three years probation. Although not in the plea agreement, the government further agrees to move for dismissal of the indictment against the defendant in Crim. No. 07-455 (JAG). The defendant confirmed that the plea agreement contains the sentencing recommendations he agreed to with the government.

The defendant was specifically informed that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes, but that pursuant to the plea agreement the defendant will waive his right to appeal both his sentence and his conviction if the court adopts the plea agreement and sentences him according to its terms and conditions.

USA v. Jiang Sheng Feng                                                    Page 5
Cr. 08-127 (JAG)
Report and Recommendation Guilty Plea

### D.     Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf.  He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.  The defendant further waived his right to be prosecuted by indictment, and agreed to be charged by information.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served.  Defendant was additionally informed that a pre-sentence  report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to  correct or object to any information contained in the report which was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm, and may result in negative immigration consequences, such as his deportation or removal from the United States.  The defendant confirmed that he understood these consequences of his guilty plea.

USA v. Jiang Sheng Feng                                                              Page 6
Cr. 08-127 (JAG)
Report and Recommendation Guilty Plea

    **E.**    **Nature of Charge and Factual Basis for the Guilty Plea**

The court explained Count One of the information in open court and explained the elements of the offense and the meaning of terms used in the information.

Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offense charged in Count One and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt. The defendant was able to understand this explanation and agreed with and admitted to the government's submission as to the evidence which could have been presented at trial.

    **F.**    **Voluntariness**

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea. He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Throughout the hearing defendant was able to consult with his attorney.

**IV.**    **Conclusion**

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the information.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Jiang Sheng Feng, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the information.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d)

**USA v. Jiang Sheng Feng**                                                                    Page 7
**Cr. 08-127 (JAG)**
**Report and Recommendation Guilty Plea**

of the Local Rules of this Court. Any objections to the same must be specific and must be filed with

the Clerk of Court within ten (10) days of its receipt.   Failure to file timely and specific objections

to the report and recommendation is a waiver of the right to review by the district court. <u>United

States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

A sentencing hearing will be set by the presiding district judge.

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 31st day of March, 2008.


_S/ Bruce J. McGiverin_
BRUCE J. McGIVERIN
United States Magistrate Judge